UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ANTONIO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 21-17659 (GC)<br><br>MEMORANDUM & ORDER |

This matter comes before the Court on a letter request for reconsideration brought by Petitioner's counsel Bernard V. Kleinman. Mr. Kleinman, who is acting as retained counsel in this matter, asks the Court to reconsider its denial of his request to be appointed as counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006. (*See* ECF No. 17.) The Court denies the motion for reconsideration and clarifies the narrow scope of the hearing it has directed in this matter.

On May 1, 2024, the Court ordered an evidentiary hearing on Ground One of Petitioner's motion. (ECF No. 14.) In Ground One, Petitioner argues that he is entitled to relief under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Under *Roe v. Flores Ortega*, counsel's performance is objectively unreasonable where the lawyer "disregards specific instructions from the defendant to file a notice of appeal" because a defendant "reasonably relies upon counsel to file the necessary notice." *Id. at* 477. "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . the question whether counsel has performed deficiently by not filing a notice of appeal [turns on] whether counsel in fact consulted with the defendant about an appeal." *See id.* at 478. To establish prejudice where the alleged deficient performance stems from a failure to file a notice of appeal, a defendant need only show that, "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484;

*see also Velazquez v. Superintendent Fayette SCI*, 937 F.3d 151, 163 (3d Cir. 2019) (holding a defendant "need not show that the decision to undergo the process[, such as an appeal,] would have resulted in a more favorable outcome").

Petitioner's memorandum of law suggests that he and his plea counsel consulted about an appeal and that Petitioner's plea counsel elected not to file an appeal.[1] Petitioner did not submit a certification setting forth the facts in support of Ground One, in which he could have clarified whether plea counsel ignored Petitioner's directive to file an appeal. Nor did the Government submit a certification from Petitioner's plea counsel on the relevant issues. Instead, the Government argued that Petitioner did not meet the standard for a hearing because his allegations were conclusory and contradictory. (*See* ECF No. 9.)

Section 2255(b) requires courts to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Accordingly, a district court should hold an evidentiary hearing when the habeas petition "allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (alteration in original) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)). In assessing whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous" or contradicted by the record. *Id.* (quoting *Booth*, 432 F.3d at 545); *United States v. Arrington*, 13 F.4th 331, 335 (3d Cir. 2021) ("A movant need not 'prove' anything to warrant a hearing.")

---

[1] Petitioner's counseled brief stated the following: "While the Petitioner had initially requested that his assigned counsel file a Notice of Appeal to the Third Circuit, his attorney, after 'consulting' with him, did not do so." (ECF No. 3-1 at 7.) In ordering a hearing, the Court noted that Petitioner should have provided additional facts about whether he directed his attorney to file an appeal. (ECF No. 14 at 4-5.)

2

Because the Court could not resolve the *Flores-Ortega* claim without further factual development, it elected to hold a hearing limited to the issues raised in Ground One. The scope of the hearing, however, is narrow, and limited to 1) whether Petitioner directed plea counsel to file an appeal (and plea counsel failed to do so) and 2) whether plea counsel consulted with Petitioner about filing an appeal. Petitioner and his plea counsel know what transpired with respect to these issues, and the only witnesses the Court expects to testify are Petitioner and his plea counsel.

After the Court issued an Order directing a hearing on Ground One of the Petition, Mr. Kleinman sought to be appointed as CJA counsel, citing Petitioner's family's limited financial resources and the fact that he has acted as CJA counsel in other cases outside this District. (*See* ECF No. 17.) Mr. Kleinman also stated the following:

> I am fully familiar with the facts and law in this case. Preparation of both my client and any witnesses to the relevant events (family members, etc.) need to be interviewed and either have Declarations properly drafted, or prepped for an evidentiary hearing, are all necessary. And, this includes the need to actually meet with Mr. Antonio where he is being held by the BOP at this moment (necessitating CJA authorized travel through the National Travel Service).

The Court denied Mr. Kleinman's request by Text Order dated July 3, 2024. (ECF No. 16.)

Mr. Kleinman seeks reconsideration of the Court's July 3, 2024 Text Order in a letter dated July 17, 2024. (ECF No. 17.) A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Mr. Kleinman provides no basis for the Court to reconsider its Text Order denying his request to be appointed as CJA counsel.

3

There is no constitutional right to counsel in a § 2255 proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A district court has discretion under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel for indigent petitioners if "the interests of justice so require." As noted in *U.S. v. Bissell*, 954 F. Supp. 903, 921 (D.N.J. 1997), the District of New Jersey's CJA Plan provides for the appointment of counsel from a panel of specially selected attorneys.[2] *See id.* Where there are compelling circumstances, the Court can exercise its discretion to appoint a retained attorney who is not on the CJA panel,[3] but this case does not present any compelling circumstances that warrant an exception to the usual rule. Thus, there is no prejudice to Petitioner in denying Mr. Kleinman's request. For all these reasons, the Court denies Mr. Kleinman's request for reconsideration. A scheduling order for the hearing will follow.

**IT IS, THEREFORE,** on this 13th day of August 2024,

**ORDERED** that Mr. Kleinman's request for reconsideration of this Court's Order denying his request to be appointed as CJA counsel under the Criminal Justice Act, 18 U.S.C. § 3006, (ECF No. 17) is DENIED; and it is further

**ORDERED** that a scheduling order setting a date for the hearing will follow.

Georgette Castner
United States District Judge

---

[2] United States District Court District of New Jersey Criminal Justice Act Plan, available at https://www.njd.uscourts.gov/sites/njd/files/DNJCJAPlan.pdf (last visited August 12, 2024).

[3] *See* District of New Jersey Criminal Justice Act Plan at 20.